UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

RICHARD MELENDEZ,

                Plaintiff,

- against -

THE CITY OF NEW YORK, POLICE OFFICER
MATTHEW BARBER and "JOHN DOE" 1-2,
the names being fictitious and presently unknown,
employees of the New York City Police
Department,

                Defendants.

-------------------------------------------------------------- x

14 CV 0526

COMPLAINT

JUDGE KAPLAN

Jury Trial Demanded

RECEIVED
JAN 28 2014
U.S.D.C. S.D.N.Y.
CASHIERS

Richard Melendez, by his attorney, The Law Office of Fred Lichtmacher, P.C., alleges the following upon information and belief as his Complaint:

## JURISDICTION

1    Jurisdiction is founded upon the existence of a Federal Question.

2    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983,

3    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(a)(3) & (4). Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (2).

4    This civil rights action arises from Plaintiff's February 5, 2011 arrest and subsequent prosecution on false claims. Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

5       Under 28 U.S.C. §1391(b), venue is proper in the Southern District of New York because Defendant City of New York resides in that judicial District.

Parties

6       Plaintiff, RICHARD MELENDEZ, is a Hispanic male citizen of the United States of America residing in the State and City of New York, County of New York.

7       Defendant CITY OF NEW YORK is a Municipal Corporation within New York State.

8       Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency.

9       At all times relevant, the City of New York employed the personnel involved in the incident underlying this lawsuit.

10      Defendant BARBER was at all times relevant duly appointed and acting Police Officer employed by the New York City Police Department and assigned to the 30th Police Precinct, New York, New York.

11      Defendant BARBER is liable for directly participating in the acts described herein as well as for failing to intervene to prevent preventable harms to the Plaintiff. He is sued in his individual capacity.

12      Defendant JOHN DOE 1 and JOHN DOE 2 were, at all times relevant, duly appointed and acting police officers employed by the New York City Police Department and assigned to the 30th Police Precinct, New York, New York.

13      Defendants JOHN DOE 1 and JOHN DOE 2 are liable for directly participating in the events underlying this suit and/or for not intervening to prevent or end the misconduct to which Plaintiff was subjected.

14      Defendants BARBER, DOE 1 and DOE 2 (the "individual Defendants") were at all times relevant acting as agents, servants and employees acting within the scope of their employment with Defendant City of New York.

## Facts Underlying
## Plaintiff's Claims for Relief

15      On February 5, 2011 at approximately 3:00 a.m. Plaintiff Richard Melendez was walking to his neighborhood store.

16      Upon exiting the store, Plaintiff saw Defendants pull up and walk out of their patrol car.

17      Defendants approached Plaintiff and asked for his identification which Plaintiff provided to the officers.

18      Defendant BARBER demanded that Plaintiff answer his questions about drugs, continuously shouting, "Where are the drugs?"

19      Plaintiff was then turned around and handcuffed after which Defendants proceeded to throw Plaintiff to the ground.

20      Thereafter, the two (2) unidentified police officers held Plaintiff on the floor and without justification continued to search the Plaintiff.

21      While searching Plaintiff on the ground for several minutes, the individual Defendants struck Plaintiff on the head with their fists.

22      Plaintiff sustained injuries to his face and nose from being thrown to the ground and beat while handcuffed.

23      Plaintiff's nose was bleeding profusely.

24      Plaintiff was taken to the 30th Precinct and held for approximately five hours before being processed to New York County Central Bookings.